**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

LUCAS GOODWIN,

    Plaintiff,

vs.                                                     **CASE NO. 1:07CV123-MP/AK**

JOE N. HATTEN,

    Defendant.

_____/

**O R D E R**

Presently before the Court is Plaintiff's Motion to Compel (doc. 67), which has been held in abeyance pending Defendant's attempts to resolve the issues raised therein. (See Docs. 69 and 72). In light of the following, the motion is now **DEEMED MOOT**. The issue regarding viewing of a videotape is still being resolved, (see Doc. 84), but it is unnecessary to continue to hold any portion of the motion to compel in abeyance since Defendants do not need to be compelled to allow this viewing and it is only a matter of technical logistics at this point. The Court will set a deadline below for finalizing the resolution of this matter. Defendant offers to have someone at the Inspector General's Office in Tallahassee review the tape(s) and put what is seen in the form of an affidavit to be provided to Plaintiff.

Also before the Court is Plaintiff's Motion for Exemption from Paying Copying Fee, (doc. 70), which the Court deems **MOOT.** The Court will not exempt Plaintiff from

paying copying costs and the DOC may certainly put liens on his account to recoup these expenses.  However, in light of Plaintiff's representation that he has now viewed his medical records and Defendant's representation that the rules and procedures sought have been provided (see Doc. 84) whatever needed to be copied appears to have been provided.

Finally, Plaintiff seeks to extend the time for him to respond to the pending motion for summary judgment until after he receives deposition question responses (doc. 80) and for 30 days to allow him to receive his legal files at his new place of incarceration, Okaloosa CI.  (Doc. 85).  Defendant has responded (doc. 82) that the DOC will no longer assist inmates in obtaining deposition questions from other inmates and was never willing to allow questions to be posed to staff.  Without this voluntary assistance in facilitating inmate to inmate correspondence, Plaintiff is foreclosed from this process and there will be no responses to his questions.  The Court will grant him additional time to respond to the pending motion to allow for his files to catch up with him at his new facility and to allow the finalization of the videotape review.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motions (docs. 67 and 70) are **DEEMED MOOT**.

2.  Plaintiff shall on or before **August 31, 2009**, advise Defendant of the date, time, location, and subject matter (i.e. what he wants to see) of the videotape at issue so that the Inspector Generals Office can view it and prepare an affidavit to be served upon Plaintiff on or before **September 17, 2009.**  Defendant shall also file a Notice to

**No. 1:07cv123-MP/AK**

the Court by this date detailing what process was done with regard to this videotape and when it was completed or why it was not completed.

    3.  Plaintiff's motions for extension of time (docs. 80 and 85) are **GRANTED,** and he shall respond to the pending motion for summary judgment on or before **September 30, 2009.**

    **DONE AND ORDERED** this 17th day of August, 2009.

                  s/ A Kornblum
                    **ALLAN KORNBLUM**
                    **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv123-MP/AK**