IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LUCAS GOODWIN,

       Plaintiff,

v.                                 CASE NO. 1:07-cv-00123-MP-AK

JOE N. HATTEN,

       Defendant.

_____/

## O R D E R

Defendant Hatten, the only remaining Defendant in this case, filed a motion for summary

judgment on April 22, 2009. Doc. 60. On May 4, 2009, Plaintiff filed a sworn declaration,

which the Court construes as Plaintiff's opposition to the motion. Doc. 62. Plaintiff requested

and received extensions of time to file a further response to the motion, but has not done so. See

Docs. 66, 95.

This case concerns an alleged use of excessive force on an inmate by a correctional

officer. Plaintiff, the inmate, is incarcerated within the Florida Department of Corrections, and

the events at issue here took place on August 4, 2006, at Cross City Correctional Institution.

Plaintiff contends that he was the victim of an assault by Defendant, and he sues Defendant in

his individual and official capacities for compensatory and punitive damages. Plaintiff also

seeks to have Defendant discharged from his job. Doc. 28.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment, Defendants initially have the burden to demonstrate

an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477

U.S. 317, 322 (1986). If they do so, the burden shifts to the Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. Id. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Ind. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251 (1986). An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. V. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). However, "the evidence and inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party, and all reasonable doubts are resolved in his favor." WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988); see also Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999) ("We are required to resolve all reasonable inferences and facts in a light most favorable to the nonmoving party.") .

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), (quoting Celotex, 477 U.S. at 324). The nonmoving party need not produce evidence in a form that would be admissible at trial because Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Celotex, 477 U.S. at 324; Owen, 117 F.3d at 1236.

While the moving party is not required to support his motion for summary judgment with affidavits, Celotex, 477 U.S. at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v.

Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**The relevant Rule 56(e) evidence**

### Defendant's evidence (Docs. 60, 61)

According to Defendant Hatten, on the morning of August 4, 2006, he was inventorying Plaintiff's property in preparation for moving Plaintiff from administrative confinement to disciplinary confinement. Plaintiff verbally interrupted the inventory by telling Defendant what property he was entitled to keep in disciplinary confinement. Plaintiff ignored Defendant's warnings, and subsequently received disciplinary sanctions for his interruptions. When Defendant and Officer Smith escorted Plaintiff to his disciplinary confinement cell, Defendant entered the cell to check the mattress and to make sure the toilet and faucet were working properly while Officer Smith remained by the cell door. Defendant states that Officer Smith did not intentionally block the door, and that Defendant did not request a cell that did not have camera coverage. Defendant states that "I did not slap [Plaintiff] and I did not punch him in the ribs. These claims are false." Doc. 60-1, Exh. B.

The prison medical records submitted by Defendant reflect that Plaintiff was examined by C. Underhill, R.N., later the same day, pursuant to Plaintiff's allegation of staff abuse and complaints of pain in his left rib cage. According to Underhill's report, Plaintiff stated that Defendant slapped his face, but Plaintiff did not complain of pain to his face or ear. Underhill observed a 7 x 7 centimeter round area that was swollen and bruised on Plaintiff's left rib cage. Plaintiff complained of pain upon palpation and upon deep breathing, and Underhill noted that Plaintiff was "unable to deep breathe due to c/o pain." Underhill referred Plaintiff for further evaluation by the prison medical doctor. Doc. 60-1, Exh. G-1, G-2.

Plaintiff's chart reflects that he was examined by staff physician Anh Duong. Dr.

Duong's notes are somewhat difficult to interpret, and Defendant did not provide affidavits from either Nurse Underhill or Dr. Duong concerning their observations of Plaintiff's injuries. Dr. Duong's notes indicate that he observed a swelling of about 7 centimeters and bruising on Plaintiff's left lower chest. Dr. Duong diagnosed Plaintiff with a "[left] lower chest injury," referred Plaintiff for a chest x-ray, and prescribed ibuprofen for pain. Plaintiff was advised to follow up the next week. Plaintiff's x-ray results were normal. At the follow-up examination on August 10, 2006, Dr. Duong observed that Plaintiff's bruising was fading, and no swelling was noted. He advised Plaintiff to continue using ibuprofen as ordered, and follow up as needed. Doc. 60-1, Exh. H-J.

The disciplinary records submitted by Defendant show that Plaintiff pleaded guilty to the disciplinary infraction of disobeying an order, but pleaded not guilty to the disciplinary infraction of showing disrespect to an official. This latter charge was based on Officer Smith's contention that he approached Plaintiff to have him sign some paperwork a few hours after the alleged assault, and Plaintiff became belligerent and loud, used a racial epithet, and made an obscene suggestion. Plaintiff was found guilty of the infraction following a hearing. Doc. 60-1 Exh. F.

The inspector general's investigation of the incident concluded that Plaintiff's charge of physical abuse was "unsubstantiated," but the report did not exonerate Defendant. The investigator, Inspector Hamner, reviewed the videotape from the camera monitoring the area on the day of the incident. Hamner reported that "[t]he wing video shows Goodwin being escorted to his empty cell by Sergeant Hatten and Officer Smith. Sergeant Hatten and Goodwin enter the cell. Due to the angle of the camera, only a small portion of the interior of the cell can be seen. Hatten and Goodwin cannot be seen in the cell at all. The timer on the camera indicates that

Sergeant Hatten was in the cell with Goodwin for approximately 34 seconds.  No other staff members or inmates are seen on the wing that could have been witnesses."  Doc. 60-1 Exh. K-M.

Defendant also filed a supplemental exhibit to his summary judgment motion.  In an affidavit, inmate Arthur Scurry says that in August 2006 Plaintiff approached him and asked him to say that he witnessed the assault, and that he overheard Defendant and another officer discuss assaulting Plaintiff.  Scurry did not provide the requested statements because he did not witness these events.  Scurry also states that Plaintiff told him that "he bruised his side and made it look red."  Doc. 61-1 Exh. P.

**Plaintiff's Evidence (Doc. 62)**

After the summary judgment motion was filed, Plaintiff submitted a sworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.  Plaintiff states that on the morning of August 4, 2006, a white corrections officer was sorting his property in preparation for transferring him to disciplinary confinement.  Defendant, who is African-American, approached and separated out some religious materials.  Defendant stated that Plaintiff could not keep the items.  Plaintiff argued that the DOC rules allowed him to keep the religious material, and the white officer agreed with him.  Plaintiff states that Defendant then became visibly angry and told the other officer "I don't give a damn what they are, *I* said he can't have them."  Plaintiff and Defendant had further words, during which Defendant made threatening comments.  After arriving at disciplinary confinement, Defendant asked Officer Smith for a cell that could not be seen by the video cameras, and Smith directed him to cell 3210.  Defendant followed Plaintiff into the cell, while Smith stood in the doorway.  Defendant then assaulted Plaintiff by slapping him in the face and punching him in the ribs.  Defendant stated to Plaintiff "never undermine my authority in front of a white man again."  Plaintiff states that the pain in his ribs was

"unbearable" and that he had trouble breathing. His ear was ringing and he "was in shock, feeling a good deal of mental trauma." Plaintiff states that while he was waiting to be escorted to the medical wing, Defendant approached him and warned him to keep his mouth shut. Plaintiff states that for months following the incident, both Defendant and Officer Smith threatened and harassed him.[1]

**Analysis**

A claim that excessive and unnecessary force was used by correctional officers is founded upon the Eighth Amendment and requires a showing of "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). Relevant to the inquiry will be "'the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of the injury inflicted.'" Whitley, 475 U.S. at 321 (citation omitted); see, e.g., Williams v. Burton, 943 F.2d 1572, 1575 (11th Cir. 1991). Such a claim turns on whether or not "'force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of causing harm.'" Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (citation omitted).

The absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim. See Hudson v. McMillian, 503 U.S. 1, 4-7 (1992). In Hudson, prison guards placed an inmate in handcuffs and shackled and beat him while their supervisor told them "'not to have too much fun.'" Id. at 4. Hudson suffered "minor bruises and swelling of his face, mouth, and lip," loosened teeth, and a cracked partial denture. Id. The Court rejected the notion

---

[1]Officer Smith was named as a Defendant in Plaintiff's Amended Complaint, but Plaintiff subsequently voluntarily dismissed him. Doc. 73. Defendant has not presented an affidavit from Smith, the only other witness to the events that occurred while Plaintiff and Defendant were in the cell together.

that inmates alleging excessive use of force under the Eighth Amendment must prove that they

sustained a significant injury.  Id. at 5-7.   "When prison officials maliciously and sadistically

use force to cause harm, contemporary standards of decency always are violated. . . . This is true

whether or not significant injury is evident.  Otherwise, the Eighth Amendment would permit

any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary

quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth

Amendment as it is today."  Id. at 9.  "That is not to say that every malevolent touch by a prison

guard gives rise to a federal cause of action. . . .   The Eighth Amendment's prohibition of 'cruel

and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses

of physical force, <u>provided that the use of force is not of a sort "'repugnant to the conscience of

mankind.'</u> " Id. at 9-10 (quoting <u>Whitley</u>, 475 U.S. at 327)  (emphasis added) .

The extent of a prisoner's alleged injury is also relevant to the type of damages that may

be recovered.  Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a

prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

suffered while in custody without a prior showing of physical injury."  The alleged injury "must

be more than *de minimis*, but need not be significant."  <u>Harris v. Garner</u>, 190 F.3d 1279, 1286

(11th Cir. 1999), <u>vacated in part and reinstated in part on reh'g</u>, 216 F.3d 970 (11th Cir. 2000) (<u>en

banc</u>).

Defendant does not make any argument that the use of force alleged by Plaintiff stemmed

from any need to maintain or restore discipline.  Rather, Defendant's evidence is that the assault

did not occur at all.  Defendant has presented evidence that Plaintiff told another inmate that his

injuries were self-inflicted, and Defendant argues that Plaintiff's injuries were, in any event, *de

minimis* and therefore do not give rise to a federal cause of action.   However, Plaintiff has

presented contradictory evidence, in the form of his sworn declaration, that Defendant placed

him in a cell where he could not be seen by surveillance cameras, slapped him in the face, and

punched him in the ribs, in retaliation for being humiliated in front of a white corrections officer.

The use of force described by Plaintiff is the type of force that might be considered by a

reasonable jury to be "repugnant to the conscience of mankind," regardless whether the resulting

injury was not serious.  See Hudson, 503 U.S. at 510.

Defendant argues that Plaintiff's self-serving statements as to whether the assault

occurred and the extent of his injuries are insufficient to defeat summary judgment, but

Defendant is incorrect.  The facts alleged in an inmate's sworn pleading are sufficient to defeat a

motion for summary judgment and a separate affidavit is not necessary.  Sammons v. Taylor, 967

F.2d 1533, 1544 n.5 (11th Cir. 1992).  In any event, Plaintiff has presented a separate sworn

declaration alleging specific facts concerning the assault and his injuries.  Moreover, much of

Defendant's evidence may reasonably be viewed as corroborating Plaintiff's version of events.

The Inspector General's report noted that Plaintiff and Defendant were in the cell together and

could not be seen by the camera for 34 seconds, a span of time during which the type of assault

alleged by Plaintiff could have occurred.  The medical records submitted by Defendant

corroborate Plaintiff's claim that he sustained an injury consistent with his allegation of assault,

and that the injury was sufficiently serious to render him unable to breathe deeply and to warrant

referral for examination by the prison M.D. and further diagnostic testing.

Viewing all of this evidence in the light most favorable to Plaintiff, as the Court must do

in considering Defendant's motion for summary judgment, Plaintiff has presented sufficient

evidence to demonstrate the existence of genuine issues of material fact as to whether the alleged

assault occurred and whether his injuries were more than *de minimis* such that he may pursue a

claim for mental or emotional injury in addition to his physical injuries.

Defendant argues that he is entitled to qualified immunity from Plaintiff's suit in his individual capacity, but qualified immunity is inappropriate in this case. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As set forth above, Plaintiff has alleged the violation of a constitutional right, and that right was clearly established at the time of the incident. See, e.g., Hudson, 503 U.S. at 5-7.

The Court agrees with Defendant, however, that Plaintiff cannot maintain his suit for damages against the Defendant in his official capacity. Claims for damages against a state official acting in his official capacity are deemed to be claims against the state. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Such suits are barred by the Eleventh Amendment unless a state has waived its sovereign immunity. Id. at 66. Plaintiff has identified no cognizable basis for maintaining an official-capacity suit against Defendant. Thus, Defendant is entitled to summary judgment with respect to Plaintiff's claims against him in his official capacity. In addition, Plaintiff's prayer for relief in the form of Defendant's discharge from his employment is not cognizable because the Court has no authority to order the State to discharge an employee.

The discovery deadlines in this case have elapsed, and it appears that the case is now in a posture to be set for trial. To the extent that the parties believe that any further discovery is necessary to prepare this case for trial, the parties will be given an opportunity to file motions showing good cause to engage in additional discovery and detailing the nature and scope of any discovery they deem necessary. In showing good cause, such a motion must clearly demonstrate

that there is a need for the materials sought, that the materials are relevant to developing material

issues not already covered through the special report process, that the information is not

otherwise available to the party, and that the discovery is necessary to provide a full and fair

hearing on the merits.  Any proposed discovery requests should be attached to the motion.

Accordingly, for the foregoing reasons, it is

**ORDERED AND ADJUDGED:**

(1) That Defendant's Motion for Summary Judgment, Doc. 60,  is **GRANTED IN PART,** to the extent that Plaintiff has sued Defendant in his official capacity and to the extent that Plaintiff seeks relief that is unavailable in this Court.  In all other respects, the Motion is **DENIED.**

(2) That the parties shall  have until **April 2, 2010**, to file motions detailing the scope and nature of any further discovery necessary, and showing good cause for a need to conduct such discovery.  If no such motions are received, this case will be set for trial by separate notice.

**DONE AND ORDERED** this  *1st*  day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge